# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2020

Lyle W. Cayce
Clerk

No. 20-20146
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Marquis Holmes, *also known as* Goldie,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-311-1

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

Marquis Holmes pleaded guilty to a multi-count superseding information in connection with his role in a sex trafficking conspiracy and was sentenced to 420 months in prison. He now appeals, arguing that his guilty

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

plea was invalid and that the district court improperly found the relevant sentencing facts by only a preponderance of the evidence.

Plain error review applies to Holmes's unpreserved challenge to the validity of his guilty plea. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Under this standard, he must show a clear or obvious error that affects his substantial rights. *See id.* If he meets his burden, this court may exercise its discretion to grant relief only if the error seriously affects "the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). Holmes argues he did not waive his right to prosecution by indictment and that his guilty plea was therefore invalid. However, Holmes implicitly waived indictment by pleading guilty to the superseding information after the Government had already obtained a valid indictment. *See United States v. Gaudet*, 81 F.3d 585, 590 (5th Cir. 1996). Accordingly, Holmes has not demonstrated any error, and certainly not clear or obvious error. Even if he were able to show a clear or obvious error, Holmes has not asserted that he would not have pleaded guilty but for the error. As a result, he could not establish that the alleged error affected his substantial rights. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Holmes's argument regarding the applicable standard of proof at sentencing is also unavailing. Generally, "the burden of proof at sentencing is by a preponderance of the evidence." *United States v. Brooks*, 681 F.3d 678, 712 (5th Cir. 2012) (internal quotation marks and citation omitted). Although this court has suggested there could be cases where due process requires a higher burden of proof, "the Fifth Circuit has never required such a heightened burden." *Id.* at 713. We need not decide that issue, however, as Holmes's arguments that the heightened standard should apply to his case fail to show error in that he wholly fails to address how the outcome would

No. 20-20146

have been any different under a different standard of proof, particularly in light of his brief's factual admissions.

The district court's judgment is AFFIRMED.